# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HOWDY HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 14-1391-JWL |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). The court finds that the Administrative Law Judge (ALJ) did not adequately explain her determination that Plaintiff can frequently reach bilaterally in all directions except overhead, despite according "some weight" to Dr. Kimball's opinion and purporting to find "additional restrictions to the upper extremities" more restrictive than Dr. Kimball's opinion. (R. 20). The court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.	Background**

Plaintiff applied for DIB, alleging disability beginning December 1, 2010. (R. 12, 163). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that the ALJ erred in his residual functional capacity (RFC) assessment by failing to specify the frequency of Plaintiff's need to alternate sitting and standing when working, and by failing in the circumstances of this case adequately to explain the reaching limitations assessed.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ did not adequately explain his determination that Plaintiff can frequently reach bilaterally in all directions except overhead, despite her determination to accord "some weight" to Dr. Kimball's opinion and despite her purporting to find "additional restrictions to the upper extremities" more restrictive than Dr. Kimball's opinion. (R. 20). The court also notes that the only mention of sitting and standing in the decision at issue is the ALJ's summary of Dr. Kimball's opinion that Plaintiff "could stand for fifteen minutes [and] sit for sixty minutes" (R. 20), and her finding that Plaintiff "can perform work with a sit and stand option." (R. 17) (finding no. 5) (bolding omitted). Nevertheless, the court need not decide whether this is error also, because remand is necessary in any case. Plaintiff may make his argument regarding a sit and stand option to the Commissioner on remand.

## II. Discussion

Plaintiff points out that Dr. Kimball opined that Plaintiff could only occasionally reach. (Pl. Br. 14) (citing R. 745). He points out that the ALJ accorded "some weight" to

4

Dr. Kimball's opinion, found the opinion of Dr. Kaur, the state agency medical consultant, not as persuasive as Dr. Kimball's opinion, and concluded that Plaintiff was "more limited than indicated in Dr. Kimball's opinion." Id. 13-14 (citing R. 20). Plaintiff notes the ALJ's finding that Plaintiff can frequently reach in any direction except overhead, but can only occasionally reach overhead. Id. at 13.

Plaintiff argues that Dr. Kimball's opinion, that Plaintiff can only occasionally reach, conflicts with the ALJ's assessment that Plaintiff can frequently reach in any direction except overhead. Id. at 14. He argues that Social Security Ruling (SSR) 96-8p requires an ALJ to explain why she did not adopt a medical opinion which conflicts with her RFC assessment, but that the ALJ did not do so here. Id. He argues that after concluding that Dr. Kimball's opinion was more persuasive than Dr. Kaur's opinion, and that Plaintiff was more limited than Dr. Kimball opined, "the ALJ should have either included [Dr. Kimball's] more restrictive limitation in the RFC assessment or explained why she did not." (Pl. Br. 16).

The Commissioner asserts that Dr. Kimball provided three medical opinions regarding Plaintiff's capabilities which were considered by the ALJ. The first was a letter in December, 2011 suggesting that it was reasonable for Plaintiff to pursue disability, and to which the ALJ accorded "little weight." (Comm'r Br. 5) (citing R. 20, 635). Second was an opinion dated November 23, 2012 suggesting that Plaintiff was limited to work at the light exertional level and that Plaintiff "could occasionally perform most postural activities (including reaching)," to which the ALJ accorded "some weight," but "also

5

found Plaintiff was <u>more limited</u> than Dr. Kimball indicated and should instead be limited to a range of sedentary work." (Comm'r Br. 6) (citing R. 20, 741-45). The third opinion to which the Commissioner refers was a statement completed on November 24, 2012, stating that Plaintiff's condition limited, but did not prevent, employment, that Plaintiff cannot tolerate strenuous activity or physical labor, can stand for 15 minutes, sit for 45 minutes, and lift less than 20 pounds. <u>Id.</u> at 6 (citing R. 759-60). The Commissioner points out that the ALJ noted the opinion was different than the opinion provided just one day earlier, but that she stated she was in agreement with the opinion and that it informed her RFC for sedentary work. <u>Id.</u> at 6-7 (citing R. 20). The Commissioner argues that the ALJ "largely adopted the most restrictive of [Dr. Kimball's] three opinions," and further limited the plaintiff. <u>Id.</u> at 7.

The Commissioner argues that "Plaintiff's overly-formalistic argument [regarding reaching limitations] should be rejected." (Comm'r Br. 9). She asserts that "the ALJ considered all of Dr. Kimball's various opinions, as well as Dr. Kaur's opinion that Plaintiff could occasionally reach overhead with his right arm due to a rotator cuff tear (and had an unlimited ability to reach in other directions with his right arm and in all directions with his left arm)." <u>Id.</u> (citing R. 83). Carefully parsing her words, she concludes that after weighing these opinions, the ALJ "found Plaintiff could reach overhead occasionally with both arms – a finding that is <u>entirely consistent</u> with Dr. Kimball's opinion and more restrictive than Dr. Kaur's opinion – and could frequently (but not constantly) reach in other directions." (Comm'r Br. 9). She argues that Dr.

6

Kimball's opinion regarding reaching is vague because it is "one checked box indicating Plaintiff could occasionally reach, without specifying any additional arm or directional limitations." Id. She acknowledges that the ALJ accorded some weight to Dr. Kimball's opinion, but argues that she did not have to follow it completely because she did not accord it controlling weight. Id. She argues that the ALJ credited Dr. Kaur's opinion regarding a limited ability to reach overhead because of " 'strong evidence of upper extremity . . . problems that would limit [Plaintiff] from . . . using his upper extremities in light work,' indicating a need for limited overhead reaching." Id. at 10 (quoting R. 20). She concludes that the ALJ provided an adequate explanation for her finding regarding Dr. Kimball's opinion in the five pages of her RFC assessment, and argues that Plaintiff's argument otherwise should be rejected.

In his Reply Brief, Plaintiff argues that, contrary to the Commissioner's argument, the ALJ's assessment of a limitation to occasional overhead reaching, and frequent reaching elsewhere is not consistent with Dr. Kimball's opinion. (Reply 5). Finally, he argues that the fact that the ALJ did not accord controlling weight to Dr. Kimball's opinion is irrelevant, because "the issue here is that the ALJ deviated from Dr. Kimball's opinion without providing an explanation for the deviation." (Reply 5).

### A. The ALJ's Findings

As both parties agree, the ALJ determined that Plaintiff can only occasionally reach overhead with either hand, but that he can frequently reach in any other direction

7

with either hand. (R. 17). The ALJ summarized the medical evidence regarding the condition of Plaintiff's shoulders in her decision:

> The claimant also has a history of shoulder problems. Medical imagery on December 8, 2010 showed significant degeneration with a tear in the tendon and a retracted rotator cuff on the right and a partial tear of the rotator [cuff] on the left. (Exhibit 18F at 34, 53, 56-57) He physician [sic] stated that while the left shoulder could be repaired, that there were significant odds that the right shoulder would have to be totally replaced, if it could be repaired at all.

(R. 19).

As the Commissioner suggests, the ALJ specifically discussed three opinions provided by Dr. Kimball. (R. 19-20) (citing Ex. 22F). Noting that the "ability to do physical labor is not a disability criteri[on]," she accorded little weight to Dr. Kimball's opinion (that Plaintiff's pursuit of disability was reasonable because Plaintiff could not do sustained physical labor) which was stated in a letter dated December 29, 2011. (R. 20). She also summarized an opinion from Dr. Kimball dated November 23, 2012, in which the physician opined that Plaintiff could stand for fifteen minutes, sit for sixty minutes, and lift within the light exertional level. Id. (citing Ex 32F). She accorded this opinion some weight, but noted that although Plaintiff's exertional limits "may result in a light exertional level, but with additional restrictions to the upper extremities noted, the undersigned believes the claimant to be more restricted at the current time than Dr. Kimball's opinion. (R. 20). Finally, she discussed Dr. Kimball's opinion dated November 24, 2012, noting that Dr. Kimball recommended sedentary employment although just one day earlier he limited Plaintiff to light work. Id. (citing Ex 36F). She

8

explained her evaluation of this opinion, noting "the undersigned does limit the claimant to a sedentary level and so is in agreement with this opinion. It is persuasive and informs the above residual functional capacity." Id.

As the parties' briefs suggest, the ALJ also discussed the opinion of Dr. Kaur, the state medical consultant who evaluated the medical record at the reconsideration level and opined that Plaintiff could work at the "light exertional level with postural and environmental limitations based on the claimant's CODP [(chronic obstructive pulmonary disease)] and upper extremity issues. This opinion is not as persuasive to the undersigned as Dr. Kimball's statements supporting the claimant's limitation to a more sedentary level of work, as the claimant has strong evidence of upper extremity and discogenic problems that would limit him from standing or using his upper extremities in light work. This while diagnostically accurate there is [sic] persuasive evidence showing the need for the claimant's further limitation." (R. 20) (citing Ex. 7A).

**B.    Analysis**

As Plaintiff's Brief suggests, when a treating physician's opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight she assigned that opinion. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). Such an opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the

9

weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300). After considering the regulatory factors, the ALJ must give good reasons in her decision for the weight she ultimately assigns the opinion. Watkins, 350 F.3d at 1301. Moreover, as also suggested in Plaintiff's Brief, if the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why she did not adopt the opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 150 (Supp. 2015).

    Here, the weight the ALJ gave to Dr. Kimball's opinion that Plaintiff can only occasionally reach with either hand is by no means clear. And, whatever the weight given to that opinion, the reasons for doing so are completely indiscernible from this decision. This is so because the ALJ apparently rejected Dr. Kimball's opinion that Plaintiff can only occasionally reach, as revealed by the conflict between Dr. Kimball's opinion and the RFC assessed (that Plaintiff can frequently reach in any direction but overhead), but she did not explain why she did not adopt Dr. Kimball's opinion.

    The Commissioner is correct that the ALJ discussed three opinions provided by Dr. Kimball, as noted above. See (R. 19-20). However, Dr. Kimball provided four opinions contained in the record. As the Commissioner noted, Dr. Kimball provided an opinion in a letter dated December 29, 2011, and another opinion dated November 24, 2012, both of which were discussed in the decision at issue. (R. 635, 759-60 (Ex. 22F,

36F)); see also (Comm'r Br. 5-6) (citing R. 19-20, 635, 759-60); (R. 19-20) (citing Exs. 22F, 36F).

But, Dr. Kimball provided two opinions dated November 23, 2012. (R. 740-45). One, Exhibit 32F, is a "[m]edical statement regarding chronic obstructive pulmonary disease for Social Security disability claim where smoking is an issue." (R. 741-42). This is Dr. Kimball's second opinion which was discussed and cited by the ALJ in her decision, and to which she accorded "some weight." (R. 20) ("an opinion dated November 23, 2012, assessing the claimant for pulmonary problems") (citing Ex. 32F). All of the evidence summarized in the ALJ's discussion of the November 23, 2012 opinion is found in this medical statement. (R. 741) (still smoking, stopping smoking will not reduce current disability but will reduce future disability; (R. 742) (stand 15 minutes at one time, sit 60 minutes at one time; lift at a light exertional level; cannot tolerate pulmonary irritants).

Dr. Kimball's other opinion dated November 23, 2012, Exhibit 33F, is titled "Medical Source Statement – Physical" and includes different limitations than are included in Exhibit 32F. (R. 744-45). This opinion was not cited by the ALJ or specifically mentioned in the decision. None of the specific limitations opined in this medical statement are included in the decision at issue. Although the ALJ stated Dr. Kimball's opinion that Plaintiff could "lift at a light exertional level" (R. 20), she did not state that Dr. Kimball limited Plaintiff to frequently lifting 10 pounds and occasionally lifting 20 pounds, which are the specific limitations contained in Exhibit 33F. (R. 744).

11

Moreover, in Exhibit 32F Dr. Kimball reversed those limitations, stating that Plaintiff could occasionally lift 10 pounds and frequently lift 20 pounds. (R. 742). It is likely that in completing the pulmonary disease medical statement in Exhibit 32F, Dr. Kimball simply misread the form and reversed his selections. Both sets of limitations are generally within the limits of the light exertional level, but given the ALJ's repeated references to other differences or misapprehensions in Dr. Kimball's opinions it is almost a certainty that had she compared both opinions she would have noted the reversal of the limits between the opinions. The decision simply contains no citation to or specific mention of Dr. Kimball's opinion contained in Exhibit 33F. So far as the decision reveals, the ALJ was not even aware of Dr. Kimball's "Medical Source Statement – Physical" in Exhibit 33F. Given that that medical statement is the only place where Dr. Kimball's opinion that Plaintiff can only occasionally reach appears, it is not surprising that the decision does not even mention Dr. Kimball's opinion regarding reaching.

In discussing Dr. Kaur's opinion, the ALJ did not mention overhead reaching either--even indirectly. (R. 20). She stated that Dr. Kaur had limited Plaintiff "to a light exertional level with <u>postural</u> and <u>environmental</u> limitations based on the claimant's COPD and upper extremity issues." (R. 20) (emphases added). Although the ALJ mentioned that Dr. Kaur expressed postural and environmental limitations, reaching is a manipulative limitation along with handling, fingering, and feeling, and Dr. Kaur discussed it as such (R. 99), but the ALJ did not mention it.

Therefore, the ALJ's allusion to "additional restrictions to the upper extremities noted," and to "strong evidence of upper extremity . . . problems that would limit [Plaintiff] from . . . using his upper extremities in light work" (R. 20), do nothing to explain or clarify the decision. To be sure, the ALJ found that Plaintiff can only <u>occasionally</u> reach <u>overhead</u> with either hand, but that he can <u>frequently</u> reach in <u>any other direction</u> with either hand, and those are apparently the additional restrictions noted, but the decision provides no explanation as to the basis for those restrictions. She also found that Plaintiff has upper extremity problems that would limit Plaintiff's use of his upper extremities in light work, but the decision does not explain how Plaintiff's upper extremities are limited. The decision is at best ambiguous as to whether the ALJ credited Dr. Kaur's reaching limitations, Dr. Kimball's reaching limitations, or some position in between. If Dr. Kaur's opinion was credited, SSR 96-8p requires that the ALJ explain why she did not adopt Dr. Kimball's opinion. If Dr. Kimball's opinion was credited, SSR 96-8p requires that she explain why she did not adopt Dr. Kaur's opinion. If a position somewhere in between was credited--and apparently it was--SSR 96-8p requires that the ALJ explain why she did not adopt the portions of the opinions that were not adopted.

Although the Commissioner argues that record evidence supports the reaching limitations assessed by the ALJ, and explains how, in her view, the ALJ reached that assessment, her explanation does not inhere within the decision at issue, whether directly or indirectly. An ALJ's decision should be evaluated solely on the reasons stated in the decision. <u>Robinson</u>, 366 F.3d at 1084. A decision cannot be affirmed on the basis of

appellate counsel's post-hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). And, a reviewing court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

Remand is necessary for the Commissioner properly to explain Plaintiff's reaching limitations, and the weight accorded to Dr. Kaur's and Dr. Kimball's opinions thereon.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated this 4th day of February 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**